UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| AKEEM JAMAL EDWARDS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV420-141 |
| | ) | CR413-114 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

*Pro se* movant Akeem Jamal Edwards pleaded guilty to a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). *See* doc. 72 at 1 (Judgment).[1] He was sentenced to a term of 120 months of imprisonment. *Id* at 2. He did not appeal. Doc. 84 at 2. He now moves to vacate the judgment against him on several grounds related to the United States Supreme Court's opinion in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). *See generally id.*; *see also* doc. 87 at 2 ("Edwards now moves to vacate his conviction based on *Rehaif*."). The Government moved to dismiss his Motion, doc. 87, and he

---

[1] The Court cites to the criminal docket in CR413-114 unless otherwise noted.

1

responded in opposition, doc. 90. As explained below, the Government's Motion should be **GRANTED**. Doc. 87. Civil Action CV420-141 should, therefore, be **DISMISSED** in its entirety.

## ANALYSIS

Edwards asserts four grounds for relief. First, he contends that his guilty plea was not knowing and voluntary because he was not informed of the essential elements of the offense. *See* doc. 84 at 4. Second, he contends that "[t]he Government's interpretation of 18 U.S.C. 922(g) and 924(a)(2) was too narrow, which did not truly and fully explain the nature of the charge. When the Government interprets a criminal statute too broadly or too narrowly a court has an obligation to correct its error." *Id.* at 5. Third, he alleges that "[t]he Government coerced, seduced, tricked and [b]amboozled [him] into a guilty plea without revealing the total and true nature of the charged crime." *Id.* at 7. Finally, he alleges his counsel provided ineffective assistance by failing to advise him of the elements of the charge against him. *Id.* at 8. He is explicit that none of the grounds asserted were presented in any prior proceeding. *Id.* at 9.

The Government moves to dismiss Edward's Motion on two alternative procedural and substantive theories. The Government

argues that all four grounds are procedurally defaulted. *See* doc. 87 at 6-9. The Government also argues that all four grounds fail on their merits. *See id.* at 1-6. Edwards has responded in detail to the Government's arguments. *See generally* doc. 90. However, his response is largely based upon a common misunderstanding of *Rehaif*. To efficiently address the grounds asserted, the Court will first address Edwards' misunderstanding. Based on an accurate understanding of *Rehaif*, and its progeny, it is clear that the Government's Motion should be granted and Edwards' Motion dismissed.

Edwards' response explicitly concedes that he "did know that he had a prior felony conviction. However, [he] did not know that he belonged to the class of persons barred from possessing a firearm just because he had a prior felon [sic] conviction." Doc. 90 at 10. *Rehaif* held that prosecution under §§ 922(g) and 924(a)(2) requires the Government to "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Edwards clearly believes that *Rehaif* requires, not only that he knew he was a felon, but that he *understood* that his status as a felon barred his lawful possession of a

3

firearm. That is simply incorrect. In considering a similar argument from a defendant who knew his status, but did not know that status prohibited him from possessing a firearm, the Eleventh Circuit explained, "under *Rehaif's* knowledge-of-status requirement, that a defendant does not recognize that he personally is prohibited from possessing a firearm under federal law is no defense if he knows he has a particular status and that status happens to be one prohibited by § 922(g) from possessing a firearm." *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020); *see also United States v. Lawson*, 861 F. App'x 337, 341 (11th Cir. 2021) ("Knowledge that one is 'violating the law' is not an element of the offense."). As discussed in more detail below, Edwards' concession that, at the time of his conviction, he knew he was a felon precludes § 2255 relief.

First, the Government is correct that, at least, the first three grounds that Edwards asserts are procedurally defaulted. In the Eleventh Circuit, under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*,

657 F.3d 1190, 1196 (11th Cir. 2011) (internal citation and punctuation omitted). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" *Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)). However, the procedural default rule does not apply to claims of ineffective assistance of counsel.[2] *Massaro*, 538 U.S. at 509.

A showing of "cause and prejudice" can overcome a defendant's default. *McKay*, 657 F.3d at 1196.[3] More specifically, a defendant can

---

[2] The Government argues that Edwards' ineffective assistance claim is procedurally defaulted. *See* doc. 87 at 7. However, as discussed below, even assuming the claim is not procedurally defaulted, and assuming that his counsel was ineffective, his concession that he knew he was a felon precludes any finding of prejudice. The lack of any prejudice, as discussed below, is fatal to the argument that any procedural default should be excused and to the merits of any ineffective assistance of counsel claim. Therefore, it is not necessary to explore the Government's argument that the ineffective assistance claim is procedurally defaulted.

[3] "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." *McKay*, 657 F.3d at 1196 (citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004)). The Supreme Court has explained that "[a]ctual innocence means *factual* innocence, not mere legal insufficiency." *Bousely v. United States*, 523 U.S. 614, 623 (1998) (emphasis added). Even if the actual innocence exception could apply to Edwards' claims, as the Government points out, Edwards' admission that he knew he was a felon is inconsistent with any assertion that he is factually innocent.

Although he does not—and as discussed above, could not—assert his "actual innocence," he does argue that his guilty plea was "constitutionally invalid." *See* doc.

overcome "application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error.'" *Id.* (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (alteration and emphasis in original)). To show cause to excuse procedural default, a defendant must show that "some objective factor external to the defense prevented [the defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the defendant's] own conduct." *Lynn*, 365 F.3d at 1235.

The Government argues that, since Edwards' grounds, arising from *Rehaif*, are "purely legal," they "were completely available to [him] on direct appeal because all the necessary facts were developed at that time . . . ." Doc. 87 at 6. Charitably construed, Edwards responds that his

---

90 at 4. Although, as discussed below, that claim is procedurally defaulted, to the extent that Edwards believes it is sufficiently fundamental, or "structural," to avoid the procedural hurdle, *see id.* at 5 ("Arguing a conviction resulting from a constitutionally invalid plea cannot reliably serve its function as a vehicle for determination of guilty [sic] or innocence, an no criminal punishment based on such a plea may be regarded as fundamentally fair."), he is mistaken. *See, e.g., Underwood v. United States*, 2023 WL 4712027, at *5-*6 (N.D. Ala. July 24, 2023) ("Petitioner argues that his conviction is due to be vacated because the court's failure to advise him of the fourth 922(g) *Rehaif* element resulted in a structural error requiring automatic reversal. [Cit.] But that argument falls flat because the Eleventh Cirucit does not consider *Rehaif* errors to be structural . . . ." (citing *United States v. Scott*, 828 F. App'x 568, 571 (11th Cir. 2020); *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020)).

counsel's failure to advise him of the elements of the charge to which he pleaded guilty precluded his assertion of the related errors on direct appeal. *See* doc. 90 at 26-28. To be sure, "[i]neffective assistance of counsel may satisfy the cause exception to a procedural bar[,]" but the ineffective-assistance claim must have merit. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Since Edwards also raises an ineffective assistance claim, the Court will consider its merits.

Criminal defendants have a right to effective assistance of counsel at all critical stages of the proceedings. *Strickland v. Washington*, 466 U.S. 668 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. A convicted defendant must meet two components to establish that counsel's assistance was so defective as to require reversal of a conviction or sentence: (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. *Id.* at 687. "If a petitioner cannot satisfy one prong, we need not review the other prong." *Duhart v. United States*, 556 F. App'x

7

897, 898 (11th Cir. 2014). Thus, if a defendant cannot show prejudice, the Court need not determine whether defendant's allegations show his counsel's performance fell below an objective standard of reasonableness.

Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant could obtain relief only if the error caused actual prejudice. *Strickland*, 466 U.S. at 691-92. "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014) (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Id.* at 1312-13. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)). A reasonable

probability of a different result "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The Government points out, correctly, that Edwards cannot show prejudice to support an ineffective-assistance claim because he knew he was a felon. *See* doc. 87 at 6. The Eleventh Circuit has explained that a defendant who knew he was a felon asserting a *Rehaif* error could not "prove that he was prejudiced by the error[ ] . . . ." *United States v. Johnson*, 805 F. App'x 740, 743 (11th Cir. 2020). Courts in this Circuit have relied upon *Johnson*'s conclusion to find that a defendant's knowledge that he was a felon precludes him from showing the prejudice necessary to sustain an ineffective assistance claim. *See, e.g., Hill v. United States*, 2021 WL 2546468, at *10 (S.D. Ala. Apr. 27, 2021). Although the record in this case does not contain a transcript of Edwards' Rule 11 hearing to evaluate whether it reflects his knowledge of his felon status, as discussed above, he expressly states in his response to the Government's Motion that he "did know that he had a prior felony conviction." Doc. 90 at 10. Therefore, even if he could show that his counsel was ineffective, he could not show the necessary prejudice to sustain an ineffective assistance of counsel claim. Accordingly, his

ineffective assistance of counsel claim both fails to excuse his procedural default and fails on its merits.

Edwards also suggests, albeit vaguely, that the grounds asserted were not presented on direct appeal because they were not "discovered" until after the Supreme Court decided *Rehaif*. *See* doc. 84 at 9. To the extent that Edwards' suggestion could be construed as an argument that he can show cause to excuse his procedural default because the grounds were not available, that argument, as the Government points out, fails. *See* doc. 87 at 6-7. The United States District Court for the Southern District of Florida has pointed out that "the position the Supreme Court took in *Rehaif* had already been recognized in four federal circuits even before defendant Rehaif adopted the position." *Francois v. United States*, 2021 WL 5088835, at *11 (S.D. Fla. Oct. 13, 2021) (citing, *United States v. Games-Perez*, 695 F.3d 1104, 1124 (10th Cir. 2012); *United States v. Reyes*, 194 F. App'x 69, 70 (2d Cir. 2006); *United States v. Gardner*, 488 F.3d 700, 715 n. 2 (6th Cir. 2007); *United States v. Langley*, 62 F.3d 602 (4th Cir. 1995)). In all of those cases, years before Edwards' 2012 conviction, the argument ultimately accepted in *Rehaif* was made. The argument was, therefore, available, notwithstanding whether it was

likely to have been accepted. *See Francois*, 2021 WL 5088835 at *11 ("The question [when considering cause to excuse procedural default] is whether Movant had the means to assert the claim, not the means to prevail on it—perceived futility does not constitute cause to excuse a procedural default." (citations omitted)).

## CONCLUSION

Accordingly, the Government's Motion to Dismiss should be **GRANTED**. Doc. 87. The first three grounds Edwards asserts, that the District Court committed a "structural error" by accepting a guilty plea that was not knowing and voluntary, that the Court failed to fully inform him of the elements of the charge, and that the Government "coerced, seduced, tricked and bamboozled [him] into a guilty plea," are all procedurally defaulted. Notwithstanding the Government's argument that Ground Four, that his counsel provided ineffective assistance, is also procedurally defaulted, it is meritless. Edwards' § 2255 Motion should be **DISMISSED**. Doc. 84. Civil action CV420-141 should be **DISMISSED** in its entirety. His Motions for Status Update and to "Re-Open 28 U.S.C. § 2255" are **DISMISSED** as moot. Docs. 94 & 95.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 24th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA