IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AKEEM JAMAL EDWARDS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 4:20-cv-141
(Formerly 4:13-cr-114)

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's August 24, 2023, Report and Recommendation, (doc. 11), to which Petitioner has objected, (doc. 16). As explained below, Edwards' Objections are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 11.) The Government's Motion to Dismiss is **GRANTED**. (Doc. 4.) Edward's § 2255 Motion is **DENIED**. (Doc. 1.)

The Magistrate Judge explained that Edwards' asserted grounds for relief were all related to the Supreme Court's opinion in Rehaif v. United States, 139 S. Ct. 2191 (2019). (Doc. 11, p. 1.) The Magistrate Judge enumerated the four grounds, (id., p. 2), discussed the Government's alternative procedural and substantive bases to dismiss, (id., p. 2-3), and explained that Edwards' response to those arguments was "largely based upon a common misunderstanding of Rehaif," (id., p. 3). The Magistrate Judge went on to explain that, when the force of Rehaif's holding is properly understood, Edwards' explicit concession that he knew he was a felon at the time he was convicted precluded relief. (Id., pp. 3-4.) The Magistrate Judge also concluded that the Government's assertion that three of Edwards' four grounds were procedurally defaulted was

correct. (Id., pp. 4-7, 10-11.) He then concluded that Edwards' claim that his counsel provided ineffective assistance failed on its merits. (Id., pp. 7-10.)

Edwards' Objection, somewhat confusingly, suggests that the Report and Recommendation "did not focus upon the main argument" from his Motion. (Doc. 16, p. 1.) He suggests that the failure to inform him that the Government was "required to prove that he knew he belong[ed] to the group of persons barred from possessing a firearm," is sufficient to merit relief. (Id., pp. 2-4.) However, the Magistrate Judge explained that Edwards' explicit acknowledgement that he knew he was a felon when he pleaded guilty precluded him from showing the prejudice necessary to support an ineffective assistance of counsel claim. (See doc. 11, p. 9 (citing United States v. Johnson, 805 F. App'x 740, 743 (11th Cir. 2020); Hill v. United States, 2021 WL 2546468, at *10 (S.D. Ala. Apr. 27, 2021)). Since his ineffective assistance claim failed on its merits, it also could not provide cause to excuse his procedural default of the remaining grounds. (Id., pp. 9-10.) The remaining grounds, including the Court and Government's alleged failure to properly inform Edwards of the elements of his offense, are, therefore, procedurally defaulted. The Magistrate Judge also considered Edwards' vague assertion that his plea was "invalid," as asserting a structural error to avoid the procedural-default bar. (Id., p. 5 n. 3.) The Magistrate Judge pointed out that any such contention was "mistaken." (Id. (citing Underwood v. United States, 2023 WL 4712027, at *5-*6 (N.D. Ala. July 24, 2023) (finding the argument that Rehaif error was structural "falls flat because the Eleventh Circuit does not consider Rehaif errors to be structural . . . .").) Since the Magistrate Judge correctly concluded that Edwards' ineffective-assistance claim was meritless and his remaining grounds were

procedurally defaulted, Edwards' objections that the Report and Recommendation did not adequately discuss the merits of the procedurally defaulted claims is simply incorrect.

There are no discernable issues worthy of a certificate of appeal.  Therefore, the Court **DENIES** the issuance of a Certificate of Appealability.  Edwards is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court likewise **DENIES** Edwards *in forma pauperis* status on appeal.  The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 20th day of October, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA